Anthony J. Sylvester
SHERMAN WELLS SYLVESTER & STAMELMAN LLP
210 Park Avenue, 2d Floor
Florham Park, NJ 07932
(973) 302-9700
asylvester@shermanwells.com

Sean M. Murphy (*pro hac vice application forthcoming*)
Robert C. Hora (*pro hac vice application forthcoming*)
MILBANK, TWEED, HADLEY & McCLOY LLP
1 Chase Manhattan Plaza
New York, NY 10005
(212) 530-5000

*Attorneys for Defendant Hartford Funds Management Company, LLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JENNIFER L. KASILAG, LOUIS MELLINGER, JUDITH M. MENENDEZ, JACQUELINE M. ROBINSON, LINDA A. RUSSELL, DENNIS RUSSELL, AND THE KONRAD D. KOHL TRUST BY KONRAD D. KOHL, III, AS TRUSTEE, ON BEHALF OF AND FOR THE BENEFIT OF THE HARTFORD HEALTHCARE FUND, THE HARTFORD CONSERVATIVE ALLOCATION FUND, THE HARTFORD GROWTH OPPORTUNITIES FUND, THE HARTFORD INFLATION PLUS FUND, THE HARTFORD BALANCED FUND, THE HARTFORD CAPITAL APPRECIATION FUND, AND THE HARTFORD FLOATING RATE FUND, <br><br> Plaintiffs, <br><br> vs. <br><br> HARTFORD FUNDS MANAGEMENT COMPANY, LLC, <br><br> Defendant. | Civil Action No. 15-cv-01876 (RMB) (KMW) <br><br><br> FILED ELECTRONICALLY |

## ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

Defendant Hartford Funds Management Company, LLC ("Defendant" or "HFMC"), by and through its undersigned attorneys, hereby answers Plaintiffs' Complaint as set forth below. Except as specifically admitted, Defendant denies the allegations of the Complaint. HFMC expressly reserves the right to amend and/or supplement its Answer.

1.      Defendant admits that Plaintiffs purport to bring this action on behalf of and for the benefit of the Hartford Funds (as defined in the Complaint), pursuant to Section 36(b) of the Investment Company Act of 1940 ("ICA"), as amended 15 U.S.C. § 80a-35(b) (hereinafter "Section 36(b)"), but denies that Plaintiffs have any claim under that section and otherwise denies the allegations in Paragraph 1 of the Complaint.

2.      Defendant neither admits nor denies the allegations in Paragraph 2 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise denies the allegations in Paragraph 2 and respectfully refers the Court to the statute referred to in Paragraph 2 for the full content and context thereof.

3.      Defendant admits the allegations in Paragraph 3 of the Complaint.

4.      Defendant admits the allegations in Paragraph 4 of the Complaint.

5.      Defendant neither admits nor denies the allegations in Paragraph 5 of the Complaint insofar as said allegations constitute conclusions of law and otherwise denies the allegations in Paragraph 5 of the Complaint, except admits that since January 2013 Defendant has served as the investment manager to each of the Hartford Funds.

6.      Defendant denies the allegations in Paragraph 6 of the Complaint, except admits that Defendant is paid a fee for the investment management services provided to the Hartford Funds.

7.      Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 7 of the Complaint and on that basis denies the allegations, and otherwise denies the allegations in Paragraph 7.

8.      Defendant admits that Plaintiffs purport to bring this action pursuant to Section 36(b) on behalf of and for the benefit of all the Hartford Funds, but denies that Plaintiffs have any claim under that section, and otherwise denies the allegations in Paragraph 8 of the Complaint.

9.      Defendant denies the allegations in Paragraph 9 of the Complaint and denies that Plaintiffs are entitled to the relief described therein.

10.      Defendant denies the allegations in Paragraph 10 of the Complaint and denies that Plaintiffs are entitled to the relief described therein.

11.      Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 11 and on that basis denies the allegations therein.

12.      Defendant neither admits nor denies the allegations in Paragraph 12 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise denies the allegations in Paragraph 12.

13.      Defendant neither admits nor denies the allegations in Paragraph 13 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise denies the allegations in Paragraph 13.

14.      Defendant neither admits nor denies the allegations in Paragraph 14 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise denies the allegations in Paragraph 14.

15.     Defendant neither admits nor denies the allegations in Paragraph 15 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise denies the allegations in Paragraph 15.

16.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 16 of the Complaint and on that basis denies the allegations therein.

17.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 17 of the Complaint and on that basis denies the allegations therein.

18.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 18 of the Complaint and on that basis denies the allegations therein.

19.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 19 of the Complaint and on that basis denies the allegations therein.

20.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 20 of the Complaint and on that basis denies the allegations therein.

21.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 21 of the Complaint and on that basis denies the allegations therein.

22.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 22 of the Complaint and on that basis denies the allegations therein.

23.     Defendant admits the allegations in Paragraph 23 of the Complaint.

24.     Defendant admits the allegations in Paragraph 24 of the Complaint.

25.     Defendant admits the allegations in Paragraph 25 of the Complaint.

26.     Defendant admits the allegations in Paragraph 26 of the Complaint and respectfully refers the court to the Investment Management Agreements ("IMAs") referenced in Paragraph 26 for the full content and context thereof.

27.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 27 of the Complaint and on that basis denies the allegations, and respectfully refers the Court to the case referenced in Paragraph 27 for the full content and context thereof.

28.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 28 of the Complaint and on that basis denies the allegations, and respectfully refers the Court to the Senate Report referenced in Paragraph 28 for the full content and context thereof.

29.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 29 of the Complaint and on that basis denies the allegations, and respectfully refers the Court to the statute referenced in Paragraph 29 for the full content and context thereof.

30.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 30 of the Complaint and on that basis denies the allegations,

and respectfully refers the Court to the cases referenced in Paragraph 30 for the full content and context thereof.

31.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 31 of the Complaint and on that basis denies the allegations.

32.     Defendant neither admits nor denies the allegations in Paragraph 32 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 32 and on that basis denies the allegations, and respectfully refers the Court to the statute referenced in Paragraph 32 for the full content and context thereof.

33.     Defendant neither admits nor denies the allegations in Paragraph 33 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise denies the allegations in Paragraph 33, and respectfully refers the Court to the statute referenced in Paragraph 33 for the full content and context thereof.

34.     Defendant neither admits nor denies the allegations in Paragraph 34 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise denies the allegations in Paragraph 34, and respectfully refers the Court to the cases referenced in Paragraph 34 for the full content and context thereof.

35.     Defendant neither admits nor denies the allegations in Paragraph 35 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise denies the allegations in Paragraph 35, and respectfully refers the Court to the cases referenced in Paragraph 35 for the full content and context thereof.

36.     Defendant neither admits nor denies the allegations in Paragraph 36 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise denies the

allegations in Paragraph 36, and respectfully refers the Court to the statute referenced in paragraph 36 for the full content and context thereof.

37.     Defendant neither admits nor denies the allegations in Paragraph 37 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise denies the allegations in Paragraph 37, and respectfully refers the Court to the case referenced in Paragraph 37 for the full content and context thereof.

38.     Defendant neither admits nor denies the allegations in Paragraph 38 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise denies the allegations in Paragraph  38, and respectfully refers the Court to the case referenced in Paragraph 38 for the full content and context thereof.

39.     Defendant neither admits nor denies the allegations in Paragraph 39 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise denies the allegations in Paragraph 39.

40.     Defendant neither admits nor denies the allegations in Paragraph 40 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise denies the allegations in Paragraph 40.

41.     Defendant denies the allegations in Paragraph 41 of the Complaint.

42.     Defendant denies the allegations in Paragraph 42 of the Complaint.

43.     Defendant denies the allegations in Paragraph 43 of the Complaint, except admits that it has entered into sub-advisory agreements with Wellington, and respectfully refers the Court to the sub-advisory agreements for the full content and context thereof.

44.     Defendant denies the allegations in Paragraph 44 of the Complaint, and respectfully refers the Court to the fee schedules and sub-advisory agreements referenced in Paragraph 44 for the full content and context thereof.

45.     Defendant denies the allegations in Paragraph 45 of the Complaint.

46.     Defendant denies the allegations in Paragraph 46 of the Complaint.

47.     Defendant denies the allegations in Paragraph 47 of the Complaint.

48.     Defendant denies the allegations in Paragraph 48 of the Complaint, and respectfully refers the Court to the IMAs referenced in Paragraph 48 for the full content and context thereof.

49.     Defendant denies the allegations in Paragraph 49 of the Complaint, except admits that Defendant has entered into sub-advisory agreements with Wellington, and respectfully refers the Court to the IMAs and sub-advisory agreements referenced in Paragraph 49 for the full content and context thereof.

50.     Defendant denies the allegations in Paragraph 50 of the Complaint, and respectfully refers the Court to the sub-advisory agreements referenced in Paragraph 50 for the full content and context thereof.

51.     Defendant denies the allegations in Paragraph 51 of the Complaint, and respectfully refers the Court to the sub-advisory agreements referenced in Paragraph 51 for the full content and context thereof.

52.     Defendant denies the allegations in Paragraph 52 of the Complaint, and respectfully refers the Court to the IMAs referenced in Paragraph 52 for the full content and context thereof.

53.     Defendant denies the allegations in Paragraph 53 of the Complaint, and respectfully refers the Court to the IMAs and March 1, 2015 Combined Statement of Additional Information for the Hartford Funds ("SAI") referenced in Paragraph 53 for the full content and context thereof.

54.     Defendant denies the allegations in Paragraph 54 of the Complaint.

55.     Defendant denies the allegations in Paragraph 55 of the Complaint, and respectfully refers the Court to the IMAs referenced in Paragraph 55 for the full content and context thereof.

56.     Defendant denies the allegations in Paragraph 56 of the Complaint, and respectfully refers the Court to the IMAs referenced in Paragraph 56 for the full content and context thereof.

57.     Defendant denies the allegations in Paragraph 57 of the Complaint, and respectfully refers the Court to the annual report for the Hartford Healthcare Fund referenced in Paragraph 57 for the full content and context thereof.

58.     Defendant denies the allegations in Paragraph 58 of the Complaint, and respectfully refers the Court to the annual reports for the Hartford Funds referenced in Paragraph 58 for the full content and context thereof.

59.     Defendant denies the allegations in Paragraph 59 of the Complaint, and respectfully refers the Court to the IMAs referenced in Paragraph 59 for the full content and context thereof.

60.     Defendant denies the allegations in Paragraph 60 of the Complaint, and respectfully refers the Court to the Annual Prospectus for the Hartford Healthcare Fund referenced in Paragraph 60 for the full content and context thereof.

61.     Defendant denies the allegations in Paragraph 61 of the Complaint, and respectfully refers the Court to the Annual Prospectus for the Hartford Healthcare Fund referenced in Paragraph 60 for the full content and context thereof.

62.     Defendant denies the allegations in Paragraph 62 of the Complaint, and respectfully refers the Court to the report referenced in Paragraph 62 for the full content and context thereof.

63.     Defendant denies the allegations in Paragraph 63 of the Complaint.

64.     Defendant denies the allegations in Paragraph 64 of the Complaint.

65.     Defendant denies the allegations in Paragraph 65 of the Complaint, and respectfully refers the Court to the SAI referenced in Paragraph 65 for the full content and context thereof.

66.     Defendant denies the allegations in Paragraph 66 of the Complaint.

67.     Defendant denies the allegations in Paragraph 67 of the Complaint, and respectfully refers the Court to the IMAs referenced in Paragraph 67 for the full content and context thereof.

68.     Defendant denies the allegations in Paragraph 68 of the Complaint, and respectfully refers the Court to the annual reports, IMAs, and sub-advisory agreements referenced in Paragraph 68 for the full content and context thereof.

69.     Defendant denies the allegations in Paragraph 69 of the Complaint, and respectfully refers the Court to the annual reports, IMAs, and sub-advisory agreements referenced in Paragraph 69 for the full content and context thereof.

70.     Defendant denies the allegations in Paragraph 70 of the Complaint, and respectfully refers the Court to the IMAs referenced in Paragraph 70 for the full content and context thereof.

71.     Defendant denies the allegations in Paragraph 71 of the Complaint, and respectfully refers the Court to the annual reports referenced in Paragraph 71 for the full content and context thereof.

72.     Defendant denies the allegations in Paragraph 72 of the Complaint.

73.     Defendant denies the allegations in Paragraph 73 of the Complaint, and respectfully refers the Court to the IMAs referenced in Paragraph 73 for the full content and context thereof.

74.     Defendant denies the allegations in Paragraph 74 of the Complaint, and respectfully refers the Court to the IMAs referenced in Paragraph 74 for the full content and context thereof.

75.     Defendant denies the allegations in Paragraph 75 of the Complaint.

76.     Defendant denies the allegations in Paragraph 76 of the Complaint.

77.     Defendant denies the allegations in Paragraph 77 of the Complaint.

78.     Defendant neither admits nor denies the allegations in Paragraph 78 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise denies the allegations in Paragraph 78, and denies that Plaintiffs are entitled to the relief described therein.

79.     Defendant neither admits nor denies the allegations in Paragraph 79 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise denies the allegations in Paragraph 79 of the Complaint, and respectfully refers the Court to the Senate Report referenced in Paragraph 79 for the full content and context thereof.

80.     Defendant denies the allegations in Paragraph 80 of the Complaint, and respectfully refers the Court to the article referenced in Paragraph 80 for the full content and context thereof.

81.     Defendant denies the allegations in Paragraph 81 of the Complaint.

82.     Defendant denies the allegations in Paragraph 82 of the Complaint.

83.     Defendant denies the allegations in Paragraph 83 of the Complaint.

84.     Defendant denies the allegations in Paragraph 84 of the Complaint.

85.     Defendant denies the allegations in Paragraph 85 of the Complaint, and respectfully refers the Court to the GAO Report referenced in Paragraph 85 for the full content and context thereof.

86.     Defendant denies the allegations in Paragraph 86 of the Complaint, and respectfully refers the Court to the Freeman & Brown Study referenced in Paragraph 86 for the full content and context thereof.

87.     Defendant denies the allegations in Paragraph 87 of the Complaint, and respectfully refers the Court to the GAO report referenced in Paragraph 87 for the full content and context thereof.

88.     Defendant neither admits nor denies the allegations in Paragraph 88 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise denies the allegations in Paragraph 88.

89.     Defendant denies the allegations in Paragraph 89 of the Complaint, except admits that all of the Hartford Funds employ a declining rate structure in which the percentage fee rate decreases at designated breakpoints as assets increase, and respectfully refers the Court to the IMAs for the full content and context thereof.

90.     Defendant denies the allegations in Paragraph 90 of the Complaint, and respectfully refers the Court to the Freeman & Brown Study referenced in Paragraph 90 for the full content and context thereof.

91.     Defendant denies the allegations in Paragraph 91 of the Complaint, except admits that to the extent economies of scale exist, they can be passed on to and shared with mutual funds through, among other things, management fee breakpoints.

92.     Defendant denies the allegations in Paragraph 92 of the Complaint, except admits that to the extent economies of scale exist, they have been shared with the Hartford Funds' investors.

93.     Defendant denies the allegations in Paragraph 93 of the Complaint.

94.     Defendant denies the allegations in Paragraph 94 of the Complaint.

95.     Defendant denies the allegations in Paragraph 95 of the Complaint.

96.     Defendant denies the allegations in Paragraph 96 of the Complaint.

97.     Defendant denies the allegations in Paragraph 97 of the Complaint.

98.     Defendant denies the allegations in Paragraph 98 of the Complaint.

99.     Defendant denies the allegations in Paragraph 99 of the Complaint, except admits that Wellington is a sub-advisor to the Hartford Funds.

100.    Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 100 of the Complaint and on that basis denies the allegations in Paragraph 100.

101.    Defendant denies the allegations in Paragraph 101 of the Complaint, and respectfully refers the Court to the sub-advisory agreement and IMA for the Hartford Balanced Fund for the full content and context thereof.

102.     Defendant denies the allegations in Paragraph 102 of the Complaint, and respectfully refers the Court to the sub-advisory agreement and IMA for the Hartford Healthcare Fund for the full content and context thereof.

103.     Defendant denies the allegations in Paragraph 103 of the Complaint.

104.     Defendant denies the allegations in Paragraph 104 of the Complaint.

105.     Defendant denies the allegations in Paragraph 105 of the Complaint.

106.     Defendant denies the allegations in Paragraph 106 of the Complaint.

107.     Defendant denies the allegations in Paragraph 107 of the Complaint.

108.     Defendant denies the allegations in Paragraph 108 of the Complaint.

109.     Defendant denies the allegations in Paragraph 109 of the Complaint.

110.     Defendant denies the allegations in Paragraph 110 of the Complaint, except admits that Plaintiffs do not challenge the fees paid to Wellington.

111.     Defendant denies the allegations in Paragraph 111 of the Complaint.

112.     Defendant denies information or knowledge sufficient to form a belief as to the allegations in Paragraph 112 of the Complaint and on that basis denies the allegations.

113.     Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 113 of the Complaint and on that basis denies the allegations, except admits that Wellington is the sub-adviser to the Hartford Healthcare Fund, the Hartford Balanced Fund, and the Hartford Growth Opportunities Fund.

114.     Defendant denies knowledge or information sufficient to form a belief as to the allegations concerning Vanguard in Paragraph 114 of the Complaint and on that basis denies the allegations, and otherwise denies the remaining allegations in Paragraph 114.

115.    Defendant denies knowledge or information sufficient to form a belief as to the allegations in the first sentence of Paragraph 115 of the Complaint and on that basis denies the allegations, and otherwise denies the remaining allegations in Paragraph 115.

116.    Defendant denies knowledge or information sufficient to form a belief as to the allegations in the first sentence of Paragraph 116 of the Complaint and on that basis denies the allegations, and otherwise denies the remaining allegations in Paragraph 116.

117.    Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 117 of the Complaint, and on that basis denies the allegations.

118.    Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 118 of the Complaint, and on that basis denies the allegations.

119.    Defendant neither admits nor denies the allegations in Paragraph 119 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise denies the allegations in Paragraph 119.

120.    Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 120 of the Complaint and on that basis denies the allegations, and otherwise denies the allegations in Paragraph 120.

121.    Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 121 of the Complaint, and on that basis denies the allegations.

122.    Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 122 of the Complaint, and on that basis denies the allegations.

123.    Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 123 of the Complaint and on that basis denies the allegations, and otherwise denies the allegations in Paragraph 123.

124.    Defendant denies the allegations in Paragraph 124 of the Complaint.

125.    Defendant denies the allegations in Paragraph 125 of the Complaint, and respectfully refers the Court to the ICI Publication referenced in Paragraph 125 for the full content and context thereof.

126.    Defendant denies the allegations in Paragraph 126 of the Complaint, and respectfully refers the Court to the ICI Publication referenced in Paragraph 126 for the full content and context thereof.

127.    Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 127 of the Complaint and on that basis denies the allegations.

128.    Defendant denies the allegations in Paragraph 128 of the Complaint, and respectfully refers the Court to the ICI Publication referenced in Paragraph 128 for the full content and context thereof.

129.    Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 129 of the Complaint and on that basis denies the allegations.

130.    Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 130 of the Complaint, and on that basis denies the allegations.

131.    Defendant denies the allegations in Paragraph 131 of the Complaint, except admits that Hartford Administrative Services Company, an affiliate of Defendant, serves as the Transfer Agent for the Hartford Funds.

132.    Defendant denies the allegations in Paragraph 132 of the Complaint, except admits that HMF and HMFII pay investment management fees and transfer agent fees.

133.    Defendant denies the allegations in Paragraph 133 of the Complaint, and respectfully refers the Court to the transfer agent agreements for the full content and context thereof.

134.    Defendant denies knowledge or information sufficient to form a belief as to the allegations in the first sentence of Paragraph 134 of the Complaint, otherwise denies the allegations in Paragraph 134 of the Complaint, and respectfully refers the Court to the transfer agent agreements for the full content and context thereof.

135.    Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 135 of the Complaint and on that basis denies the allegations.

136.    Defendant denies the allegations in Paragraph 136 of the Complaint, except admits that Plaintiffs allege that according to Sections (3)(a) and (b) of the Investment Management Agreements, Defendant performs certain administrative services for the Hartford Funds, and respectfully refers the Court to the IMAs for the full content and context thereof.

137.    Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 137 of the Complaint and on that basis denies the allegations.

138.    Defendant denies knowledge or information sufficient to form a belief as to the allegations concerning Vanguard in Paragraph 138 and on that basis denies the allegations, and otherwise denies the allegations in Paragraph 138.

139.    Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 139 of the Complaint and on that basis denies the allegations.

140.    Defendant denies knowledge or information sufficient to form a belief as to the allegations concerning Vanguard in Paragraph 140 of the Complaint and on that basis denies the allegations, and otherwise denies the allegations in Paragraph 140.

141.    Defendant denies knowledge or information sufficient to form a belief as to the allegations concerning Vanguard in Paragraph 141 of the Complaint and on that basis denies the allegations, and otherwise denies the allegations in Paragraph 141.

142.    Defendant denies knowledge or information sufficient to form a belief as to the allegations concerning Vanguard in Paragraph 142 of the Complaint and on that basis denies the allegations, and otherwise denies the allegations in Paragraph 142.

143.    Defendant denies knowledge or information sufficient to form a belief as to the allegations concerning Vanguard in Paragraph 143 of the Complaint and on that basis denies the allegations, otherwise denies the allegations in Paragraph 143, and respectfully refers the Court to the IMAs for the full content and context thereof.

144.    Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 144 of the Complaint and on that basis denies the allegations.

145.    Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 145 of the Complaint and on that basis denies the allegations.

146.    Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 146 of the Complaint and on that basis denies the allegations, except admits that Wellington is the sub-adviser for the Hartford Funds.

147.    Defendant denies the allegations in Paragraph 147 of the Complaint.

148.    Defendant denies the allegations in Paragraph 148 of the Complaint.

149.    Defendant denies information sufficient to form a belief as to the allegations concerning Vanguard in Paragraph 149 of the Complaint and on that basis denies the allegations.

150.    Defendant neither admits nor denies the allegations in Paragraph 150 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise denies the

18

allegations in Paragraph 150, and respectfully refers the Court to the case and statute referred to in Paragraph 150 for the full content and context thereof.

151.    Defendant neither admits nor denies the allegations in Paragraph 151 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise denies the allegations in Paragraph 151.

152.    Defendant neither admits nor denies the allegations in Paragraph 152 of the Complaint insofar as said allegations constitute conclusion of law, and otherwise denies the allegations in Paragraph 152.

153.    Defendant neither admits nor denies the allegations in Paragraph 153 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise denies the allegations in Paragraph 153.

154.    Defendant denies the allegations in Paragraph 154 of the Complaint, except admits that the members of the Board of Directors of HMF and the members of the Board of Directors of HMF II are the same.

155.    Defendant denies the allegations in Paragraph 155 of the Complaint, and respectfully refers the Court to the SAI referenced in Paragraph 155 for the full content and context thereof.

156.    Defendant denies the allegations in Paragraph 156 of the Complaint, except admits that the Board members are compensated for their services, and respectfully refers the Court to the "publicly available information" referenced in Paragraph 156 for the full content and context thereof.

157.    Defendant neither admits nor denies the allegations in Paragraph 157 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise denies the allegations in Paragraph 157.

158.    Defendant neither admits nor denies the allegations in Paragraph 158 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise denies the allegations in Paragraph 158 of the Complaint, and respectfully refers the Court to the Guidebook referenced in Paragraph 158 for the full content and context thereof.

159.    Defendant denies the allegations in Paragraph 159 of the Complaint.

160.    Defendant denies the allegations in Paragraph 160 of the Complaint.

161.    Defendant neither admits nor denies the allegations in Paragraph 161 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise denies the allegations in Paragraph 161, and respectfully refers the Court to the IMAs referenced in Paragraph 161 for the full content and context thereof.

162.    Defendant denies the allegations in Paragraph 162 of the Complaint.

163.    Defendant denies the allegations in Paragraph 163 of the Complaint.

164.    Defendant denies the allegations in Paragraph 164 of the Complaint, and respectfully refers the Court to the annual reports referenced in Paragraph 164 for the full content and context thereof.

165.    Defendant denies the allegations in Paragraph 165 of the Complaint.

166.    Defendant denies the allegations in Paragraph 166 of the Complaint.

167.    Defendant denies the allegations in Paragraph 167 of the Complaint.

168.    Defendant denies the allegations in Paragraph 168 of the Complaint.

169.     Defendant denies the allegations in Paragraph 169 of the Complaint, and respectfully refers the Court to the November 8, 2006 Order referenced in Paragraph 169 for the full content and context thereof.

170.     Defendant neither admits nor denies the allegations in Paragraph 170 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise denies the allegations in Paragraph 170, and respectfully refers the Court to the November 8, 2006 Order referenced in Paragraph 170 for the full content and context thereof.

171.     Defendant denies knowledge or information sufficient to form a belief as to the allegations concerning Vanguard in Paragraph 171 of the Complaint and on that basis denies the allegations, and otherwise denies the allegations in Paragraph 171.

172.     Defendant denies the allegations in Paragraph 172 of the Complaint.

173.     Defendant denies the allegations in Paragraph 173 of the Complaint.

174.     Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 174 of the Complaint and on that basis denies the allegations.

175.     Defendant denies the allegations in Paragraph 175 of the Complaint.

176.     Defendant denies the allegations in Paragraph 176 of the Complaint.

177.     Defendant denies the allegations in Paragraph 177 of the Complaint.

178.     Defendant denies the allegations in Paragraph 178 of the Complaint.

179.     Defendant denies the allegations in Paragraph 179 of the Complaint, and respectfully refers the Court to the Freeman & Brown Study referenced in Paragraph 179 for the full content and context thereof.

180.     Defendant denies the allegations in Paragraph 180 of the Complaint.

181.     Defendant denies the allegations in Paragraph 181 of the Complaint.

182.     Defendant denies the allegations in Paragraph 182 of the Complaint.

183.     Defendant denies the allegations in Paragraph 183 of the Complaint.

184.     Defendant denies the allegations in Paragraph 184 of the Complaint, and respectfully refers the Court to the article referenced in Paragraph 184 for the full content and context thereof.

185.     Defendant denies the allegations in Paragraph 185 of the Complaint.

186.     Defendant denies the allegations in Paragraph 186 of the Complaint.

187.     Defendant denies the allegations in Paragraph 187 of the Complaint.

188.     Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 188 of the Complaint and on that basis denies the allegations, and otherwise denies the allegations in Paragraph 188.

189.     Defendant denies the allegations in Paragraph 189 of the Complaint.

190.     Defendant denies the allegations in Paragraph 190 of the Complaint, except admits that Wellington is currently the sub-advisor for all the Hartford Funds.

191.     Defendant denies the allegations in Paragraph 191 of the Complaint.

192.     Defendant denies the allegations in Paragraph 192 of the Complaint.

193.     Defendant denies the allegations in Paragraph 193 of the Complaint.

194.     In response to Paragraph 194, Defendant repeats and realleges the foregoing responses to each and every allegation in Paragraphs 1 through 193 of the Complaint, and otherwise incorporates the responses contained above.

195.     Defendant neither admits nor denies the allegations in Paragraph 195 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise denies the allegations in Paragraph 195.

196.    Defendant denies the allegations in Paragraph 196 of the Complaint.

197.    Defendant admits that Plaintiffs purport to bring this Count on behalf of the Hartford Funds pursuant to Section 36(b), but denies that Plaintiffs have any claim under that section, and otherwise denies the allegations in Paragraph 197 of the Complaint.

198.    Defendant denies the allegations in Paragraph 198 of the Complaint.

199.    Defendant denies the allegations in Paragraph 199 of the Complaint.

200.    Defendant denies the allegations in Paragraph 200 of the Complaint.

201.    Defendant denies the allegations in Paragraph 201, and denies that Plaintiffs are entitled to the relief described therein, and respectfully refers the Court to the statute referred to in Paragraph 201 for the full content and context thereof.

202.    Defendant neither admits nor denies the allegations in Paragraph 202 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise denies the allegations in Paragraph 202, and denies that Plaintiffs are entitled to the relief described therein.

## AFFIRMATIVE DEFENSES

203.    By alleging the Affirmative Defenses set forth below, Defendant intends no alteration to the burden of proof and/or burden of going forward with evidence which otherwise exists with respect to any particular issues at law or in equity.  Furthermore, all such defenses are pleaded in the alternative and do not constitute an admission of liability or that Plaintiffs are entitled to any relief whatsoever.

### First Defense

204.    The Complaint fails to state a claim upon which relief may be granted.

### Second Defense

205.    Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations and the one-year "look-back" statutory limitation on damages.

<u>Third Defense</u>

206.    Plaintiffs lack standing to bring the claims asserted in the Complaint.

<u>Fourth Defense</u>

207.    Defendants did not engage in any conduct which would constitute a breach of fiduciary duty.

<u>Fifth Defense</u>

208.    Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches, waiver, estoppel, unclean hands, and/or ratification.

<u>Sixth Defense</u>

209.    Plaintiffs have not suffered any losses or damages proximately caused by their investment in the Hartford Funds or by any breach of fiduciary duty as set forth in the Complaint.

<u>Seventh Defense</u>

210.    At the time Plaintiffs first became alleged shareholders of the Hartford Funds, they were or should have been aware that an Advisory Fee Schedule equal to or greater than now in effect had been approved by a majority of the Board of Trustees of HMF and HMFII. Plaintiffs were fully informed of all material facts concerning investing in the Hartford Funds, including the level and calculation of the Fund adviser's compensation, and knowingly entered into the investment.  On this basis, Plaintiffs are estopped and precluded from maintaining this action on behalf of the Hartford Funds.

<u>Eighth Defense</u>

211.    Defendant acted at all times and in all respects in good faith and with due care.

24

<u>Ninth Defense</u>

212.     To the extent that this action seeks exemplary or punitive damages, any such relief would violate the Defendant's right to procedural and substantive due process.

<u>Tenth Defense</u>

213.     Plaintiffs are not entitled to a jury trial.  *In re Gartenberg*, 636 F.2d 16, 18 (2d Cir. 1980); *In re Evangelist*, 760 F.2d 27, 30-31 (1st Cir. 1985).

<u>Eleventh Defense</u>

214.     Defendant hereby gives notice that it intends to rely upon such other and further defenses as may become available or apparent during pre-trial proceedings in this case and hereby reserve all rights to assert such defenses.


Dated:  April 2, 2015                    Respectfully submitted,

                                         Anthony J. Sylvester
                                         SHERMAN WELLS SYLVESTER &
                                         STAMELMAN LLP
                                         210 Park Avenue, 2d Floor
                                         Florham Park, NJ 07932
                                         (973) 302-9700
                                         asylvester@shermanwells.com

                                         Sean M. Murphy (*pro hac vice application forthcoming*)
                                         Robert C. Hora (*pro hac vice application forthcoming*)
                                         MILBANK, TWEED, HADLEY & McCLOY LLP
                                         1 Chase Manhattan Plaza
                                         New York, NY 10005
                                         (212) 530-5000

                                         *Attorneys for Defendant Hartford Funds Management Company, LLC*